UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MONUMENTAL LIFE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:10 CV 1781 RWS |
| | ) |
| ELAIN KAY YOUNG, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Monumental Life Insurance Company ("Monumental") filed this interpleader action on September 23, 2010 to determine which of the Defendants are entitled to the insurance proceeds arising from the death of Melvin B. Griesbauer. Monumental deposited the insurance policy proceeds of $37,500 and interest into the Court Registry on October 14, 2010. Monumental was discharged from this lawsuit on May 2, 2011.

This matter is currently before me on Defendant Kristy Garcia's Motion for Default Judgment [#40]. Garcia requests default judgment be entered against Defendants Stephan Griesbauer, Elain Young Griesbauer; B.G., a minor; John Griesbauer; and Jared Young. Defendant Elian Kay Young was served on September 28, 2010; B.G., a minor, was served on October 9, 2010; John Caleb Griesbauer executed a waiver of service on September 23, 2010; Stephan Griesbauer executed a waiver of service on September 23, 2010; and Jared Young was served on October 15, 2010.

Before a party may obtain a default judgment under Rule 55(b), there must be an entry of default by the clerk under Rule 55(a). "When a party against whom a judgment for affirmative

relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b).

On May 18, 2011 the Clerk of the Court granted an entry of default against Defendants Stephan Griesbauer, Elain Young Griesbauer, B.G., a minor, John Caleb Griesbauer, and Jared Young [#38].

As of today's date, Elain Young Griesbauer, Stephan Young, and Jared Young have not filed a responsive pleading or otherwise defended in this suit. As a result, I will enter a default judgment against Elain Young Griesbauer, Stephan Young, and Jared Young. Elain Young Griesbauer, Stephan Young, and Jared Young have no claim to the proceeds in this action.

B.G., a minor, has not filed a responsive pleading or otherwise defended in this action. However, because B.G is a minor and is not represented by a general guardian, conservator, or other fiduciary I cannot enter a default judgment against B.G under Rule 55(b)(2).

John Caleb Griesbauer filed an Answer in this case on November 1, 2010. As a result, I will set aside the Clerk's Entry of Default as it pertains to John Caleb Griesbauer and will not enter a default judgment against him.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Kristy Garcia's Motion for Default Judgment [#40] is **GRANTED in part and DENIED in part.** Default judgment is entered against Defendants Elain Young Griesbauer, Stephan Young, and Jared Young.

**IT IS FURTHER ORDERED that** the Clerk's Entry of Default against John Caleb

2

Griesbauer is set aside.

**IT IS FINALLY ORDERED that** a status conference is set for **Friday, July 15, 2011** at **1:30 p.m.** in Courtroom 10 South.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2011.